HoweiiIi, J.
Plaintiff has appealed from a judgment sustaining a motion to dissolve the injunction sued out in this case, on the ground that no legal cause is set forth in the petition for the injunction.
The allegations are, that he is owner and possessor of certain lands purchased on- 28th October, 1865, at the succession sale of the estate of the late Joseph S. Bossier, made by the sheriff, as shown by an act of sale before the parish recorder, by the testamentary executrix of said estate, in pursuance to said adjudication; that the sheriff has advertised the same for sale on 4th November, 1865, under a pretended writ of seizure and sale, issued on 4th September, 1865, at the suit of W. E. Kennedy v. Joseph S. Bossier, or his succession, to the injury and damage of plaintiff, and that the defendant Kennedy is without claim of any kind against the said lands of plaintiff.
Such allegations, if established (and for the purposes of the rule are taken as true), will authorize an injunction of the threatened sale.
The fact that the sale to plaintiff occurred during the advertisement of the sheriff sale, does not, of itself, render said sale null. The evidence, which plaintiff may under his allegations adduce, may show the sale to him to be valid and to convey the property unincumbered.
We are referred to no law which requires succession sales to be made only on the first Saturday of each month, as in case of sheriff’s sales.
It is therefore ordered that the judgment of the lower Court bo reversed, the motion to dissolve dismissed, and the cause remanded to be proceeded in according to law, appellees to pay costs of appeal.